(No. 44745.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MICHAEL BROOKS, Appellant.

*Opinion filed November 20, 1973.*

HOWARD T. SAVAGE, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Spring-field, and BERNARD CAREY, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and KENNETH L. GILLIS and SHARON HOPE GROSS-MAN, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Michael Brooks, appeals from judgments of the circuit court of Cook County entered upon his pleas of guilty to criminal offenses charged in three indictments, and from the order of the circuit court denying his petition to withdraw those pleas of guilty. The first indictment, containing seventeen counts, charged defendant and two co-defendants with the offenses of murder, attempt murder and attempt armed robbery; the second, containing one count, charged defendant and a co-defendant with armed robbery, and the third, containing three counts, charged defendant with aggravated battery and attempt murder.

Defendant contends first that the judgments must be reversed for the reason that the circuit court, prior to accepting the pleas of guilty, failed to determine that there was a factual basis for the pleas as required by Rule 402(c). (50 Ill.2d R. 402(c).) He contends further that the acceptance of the pleas of guilty was error because the court "upon defendant's clear denial that he had committed the acts that constituted the elements of the crimes charged," had earlier refused to accept the pleas, and that it was only after undue pressure had been brought upon defendant by his counsel to admit the commission of the acts, in order to present a factual basis for the plea, and

after undue pressure had been exerted upon him to plead guilty, that the guilty pleas were made.

The record shows that on the morning of March 19, 1970, defendant, represented by retained counsel, was arraigned and entered pleas of not guilty. On defendant's motion he was examined by Dr. William H. Haines of the Behavior Clinic who made a diagnosis of "Sociopathic Personality Disturbance" and stated that defendant "knows the nature of the charge and is able to cooperate with his counsel." Defendant was then 17 years of age. On December 15, 1970, the cases were called for trial and defendant appeared with counsel who requested a "pretrial conference on all of the indictments involving this defendant." The court explained to defendant that a conference had been requested and the reason for holding it, and told defendant that if the conference were held his dissatisfaction with the results could not be made the basis of a motion for substitution of judges. Defendant stated that he understood the court's admonitions and consented to the conference. Defendant's parents were present in court, and in response to the inquiry of defense counsel stated that they consented to the holding of the conference.

Later that morning, in the presence of defendant and his parents, the court inquired of defense counsel whether he had explained to defendant the results of the conference. At the request of defense counsel the matter was put over to the afternoon in order to enable him to confer with defendant's older brother, who had not been present that morning. Upon court being reconvened counsel advised the court that defendant wished to withdraw his pleas of not guilty and enter pleas of guilty to all three indictments. The court explained to defendant the nature of the charge in each count of each indictment and the possible penalties, and in each instance, in response to the court's specific inquiries, defendant stated that he understood the nature of each charge and the penalties which could be imposed. Defendant was advised, and stated that

he understood, that if he pleaded guilty there would be no trial and that he thereby waived the right to trial by jury, and the right to be confronted with the witnesses. The following then ensued:

"THE COURT: Are you pleading guilty because in fact you are guilty of the charges in each of these indictments that I have just read to you?

THE DEFENDANT: No, sir.

THE COURT: Pardon me?

THE DEFENDANT: No, sir. I'm pleading guilty because I believe I'll be given time for something I did not do.

THE COURT: Are you saying that you are not in fact guilty of the charges in the indictment?

THE DEFENDANT: No, sir; I'm saying I'm not guilty, but I'm pleading guilty."

The court thereupon refused to accept the pleas of guilty and ordered the case to proceed to trial. In response to the court's inquiry, counsel stated that it would be a bench trial. Shortly thereafter defense counsel advised the court that he had just had a short conference with defendant and "apparently he didn't understand the import of the question that was raised." The following then ensued:

"THE COURT: I just want to make sure you understand. Because I want for you to understand this. This is very important. I have read to you various charges in the three indictments.

THE DEFENDANT: Yes, sir, I understand that.

THE COURT: And I have asked you, and I want to make sure you understand what I have said. Are you pleading guilty because in fact you are guilty of the charges that I have read from each of these indictments?

THE DEFENDANT: Yes, sir.

THE COURT: Now, is that a voluntary statement? Has that been made by you, on your own, without any pressure from anybody?

THE DEFENDANT: Yes, sir.

THE COURT: You understand what it is I'm saying to you and you understand what I'm saying. Is that without pressure from anyone?

THE DEFENDANT: Yes, sir.

THE COURT: And no one has sought to pressure you with respect to that, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Do you understand, Michael, there has been a conference? And, at that conference, the Court indicated that if there is a plea to these charges, that on indictment 70—677, that is, the one charging you with murder, the Court would impose a sentence of a minimum of twenty years and a maximum of fifty years. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And on indictment 70—740, which charges you with the offense of armed robbery of Julius Kowal, the Court would sentence you to two to four, a minimum of two and maximum of four to be concurrent with the sentence in 70—677.

THE DEFENDANT: Yes, sir.

THE COURT: And also concurrent with the sentence that would be imposed under 70—1465. Now, you understand that on 70—1465, which is the one charging you with the Christmas Day aggravated battery,—

THE DEFENDANT: Yes, sir.

THE COURT:—that the Court could sentence you to a minimum of four and maximum of eight. That would be concurrent, likewise, with the other sentences. Now, do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Now, other than the possible sentence that the Court has now indicated, which Mr. Starke has discussed with you and your mother and your brother and your father and the Court has told you, has there been any force, threats or promises made by anyone to induce you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: This is your own voluntary and free act?

THE DEFENDANT: Yes, sir.

THE COURT: Is there any hesitation about that?

THE DEFENDANT: No, sir.

THE COURT: You have the right, you understand, to persist in your plea of not guilty or to plead guilty. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Knowing all the matters about which I have questioned you, do you voluntarily and knowingly persist in your plea of guilty to each of the charges in each of the indictments?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Let the record show that the plea of Michael Brooks, in each of these counts, in each of these indictments, will be accepted."

In addition to the foregoing the record shows affirmatively that prior to the taking of the pleas of guilty, defense counsel had discussed the effect of the pleas and the results of the conference with defendant's parents and older brother.

Following acceptance of the pleas the court requested the State's Attorney to "tell us what the facts are." Defense counsel and the State's Attorney entered into a stipulation which covers approximately four pages in the transcript and shows, beyond question, a factual basis for the pleas of guilty. The court heard testimony in aggravation and mitigation, and following statements by counsel, imposed sentence.

On March 18, 1971, represented by other counsel, defendant filed a petition to withdraw the pleas of guilty in which it is alleged that defendant was induced to plead guilty by the representations of his counsel which "were knowingly false or made without any basis of fact," that co-defendants would testify against him, that if found guilty he would receive a death penalty and that his family suggested that he plead guilty.

The circuit court heard the testimony of the defendant, his mother, and counsel who had represented him when the pleas of guilty were entered, and found that at the time of entering the pleas defendant understood the nature of the charges and the range of permissible sentences which would be imposed, and that there was a factual basis for each plea of guilty, and denied the petition.

We have considered defendant's arguments and conclude that they find no support whatsoever in the record. On the contrary the admonition of the court and defendant's responses to the court's specific questions demonstrate beyond question that defendant knowingly

and intelligently pleaded guilty to the charges. An examination of the testimony adduced at the hearing on defendant's petition to withdraw the plea confirms that conclusion. The stipulation of facts sets forth in detail the time, place and nature of the offense and the fact of defendant's participation. The trial court clearly did not err in accepting the pleas of guilty and the judgments are affirmed.

*Judgments affirmed.*